GEORGE A. JOHNSON *vs.* STATE BALLOT LAW COMMISSION.

Suffolk.   September 11, 1972. – September 15, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Elections.*

A candidate for the office of representative in Congress who seasonably filed with the Secretary of the Commonwealth nomination papers bearing the required number of signatures for placing his name on the ballot at a State primary election, but who did not file the certificate required by G. L. c. 53, § 48, showing his party enrollment, was not entitled to have his name appear on the ballot; the fact that the candidate had filed such certificates in connection with three earlier primary elections did not cure the omission, as such earlier filings did not survive the primary elections for which they were made. [482–483]

BILL IN EQUITY filed in the Superior Court on July 31, 1972. The suit was heard by *Goldberg*, J.

The case was submitted on briefs.

*John E. Bennett, Betty Brody & Alvan Brody* for the plaintiff.

Johnson v. State Ballot Law Commission.

*Terence P. O'Malley,* Assistant Attorney General, for the defendant.

QUIRICO, J.   This is an appeal from a final decree affirming a decision of the State Ballot Law Commission (commission) that the name of the plaintiff not appear as a candidate for nomination for the office of representative in Congress on the ballot to be used at the primary to be held on Tuesday, September 19, 1972 (primary).

The case was heard and decided in the Superior Court on a statement of agreed facts which we summarize in pertinent part.   On July 11, 1972,[1] the plaintiff filed with the Secretary of the Commonwealth (Secretary) nomination papers bearing the required number of certified signatures placing his name on the ballot for the Republican party nomination for representative in Congress at the primary.   This was the last day for filing such papers under G. L. c. 53, § 48.   The plaintiff did not file with these papers any certificate that he was enrolled as a member of the Republican party.   Under date of July 11, 1972, the office of the Secretary notified the plaintiff that his name would not appear on the ballot because he had failed to file the certificate of enrollment.   The plaintiff brought the matter before the commission which, after a hearing, issued a decision that his name would not appear on the ballot for the stated reason that: "Candidate did not file a certificate of party enrollment with his nomination papers."   Thereupon the plaintiff filed a bill for judicial review of the commission's decision under G. L. c. 30A, such review being authorized by G. L. c. 6, § 32, as amended through St. 1964, c. 259.   After a hearing, a judge of the Superior Court decided "that the decision of the . . . [commission]· was supported by substantial evidence and that it was not arbitrary or capri-

---

[1] The stipulation of facts signed by the parties and several pleadings give this date as "July 12, 1972," but this would seem to be an error. By G. L. c. 53, § 48, as amended through St. 1971, c. 920, § 7, the nomination papers were required to be filed "on or before the tenth Tuesday preceding the day of the primaries." The tenth Tuesday before September 19, 1972, was July 11, 1972. There is no claim that the nomination papers were not seasonably filed.

cious," and he entered a final decree affirming the decision and dismissing the bill.

General Laws c. 53, § 48, as amended, provides that "[t]here shall not be printed on the ballot at a state primary the name of any person as a candidate for nomination for . . . representative in congress, . . . unless a certificate from the registrars of voters of the city or town wherein such person is a registered voter that he is enrolled as a member of the political party whose nomination he seeks is filed with the state secretary on or before the last day herein provided for filing nomination papers." This statute required the plaintiff to file a certificate of his enrollment as a member of the Republican party with the Secretary on or before July 11, 1972.

The parties agree that the plaintiff made the following filings with the office of the Secretary. In July, 1969, he filed a certificate of his enrollment as a member of the Republican party in connection with his candidacy in a special election for the office of representative to the General Court. In June, 1970, he filed a similar certificate in connection with his candidacy for the same office. On January 24, 1972, he filed a nomination paper listing his name as one of a number of candidates for election as members of the Republican party ward committee for ward 12 in Boston, and on the paper there appeared a certificate of the election commissioners of Boston that he and certain other persons listed were "enrolled in the Republican Party." The plaintiff contends that these three filings, either separately or in combination, satisfy the requirements of § 48 that he file a certificate of enrollment as a member of the Republican party for the purpose of the forthcoming primary of September 19, 1972. This contention is without merit.

The statutory requirement of such a certificate was obviously intended to provide "some assurance that a candidate belongs to the party whose primary he wishes to enter." Rep. A. G., Pub. Doc. No. 12, 1965, pp. 40, 41. Certainly the statute intended that the assurance relate to the situation reasonably contemporaneous with the

date of filing the nomination papers. The statutory purpose would be defeated if, as contended by the plaintiff, a certificate of party enrollment once filed for a particular primary should be recognized indefinitely for any primary thereafter. This contention entirely ignores the fact that party enrollments are not irrevocable. Under G. L. c. 53, § 38, as amended through St. 1972, c. 115, "a voter may, except within . . . [thirty-one days] prior to a primary, . . . establish, change or cancel his enrolment by forwarding to the board of registrars of voters a certificate . . . requesting to have his enrolment established with a party, changed to another party, or cancelled, or by appearing in person before a member of said board and requesting in writing that his enrolment be so established, changed or cancelled."

We hold that the plaintiff cannot rely on any of the certificates of enrollment or nomination papers filed by him in the years 1969 and 1970, and on January 24, 1972, as constituting the certificate of party enrollment which he was required to file for his intended candidacy in the forthcoming primary of September 19, 1972. Rep. A. G., Pub. Doc. No. 12, 1955, p. 50. Those earlier filings did not survive the primaries for which they were made. The Secretary, when deciding whether the name of a person should be placed on a ballot for a primary, is not required to search for, take notice of, or give any effect to any certificates of party enrollment or nomination papers filed by that person in prior primaries. In any event, G. L. c. 53, § 16, requires him to preserve such records for only one year.

The judge correctly held that the decision of the commission should be affirmed. However, having affirmed the decision, the decree should not have included the further provision dismissing the bill. The latter provision is struck out. The decree, as thus modified by limiting it to the affirming of the commission's decision, is affirmed.

*So ordered.*